**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CONNECTRN, INC.,** | ) | CASE NO.:  1:24-CV-1599 |
| | ) | |
| Plaintiff, | ) | JUDGE POLSTER |
| | ) | |
| v. | ) | **ANSWER TO PLAINTIFF'S** |
| | ) | **COMPLAINT ON BEHALF OF WP** |
| **EMBASSY HEALTHCARE** | ) | **OPERATING, LLC** |
| **HOLDINGS, INC., ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now comes Defendant, WP Operating, LLC, by and through the undersigned counsel, and for its Answer to Plaintiff's Complaint states as follows:

## PARTIES

1.      Defendant is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 of the Plaintiff's Complaint. As a matter of form, those allegations are denied.

2.      As to the allegations contained in Paragraph 14 of the Plaintiff's Complaint, Defendant admits that Willow Park is a limited liability company organized under the laws of the State of Ohio and that the healthcare facility is located at 18810 Harvard Avenue, Cleveland, Ohio. Defendant is without knowledge sufficient to form a belief as to the truth and accuracy of the remaining allegations in this Paragraph. As a matter of form, those remaining allegations are denied.

3.     Defendant is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in Paragraphs 15, 16, 17, and 18 of the Plaintiff's Complaint. As a matter of form, those allegations are denied.

### JURISDICTION AND VENUE

4.     Defendant is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in Paragraphs 19, 20, and 21 of the Plaintiff's Complaint. As a matter of form, those allegations are denied.

### BACKGROUND AND FACTS COMMON TO ALL COUNTS

5.     Defendant is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in Paragraphs 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, and 53 of the Plaintiff's Complaint. As a matter of form, those allegations are denied.

### COUNT ONE – BREACH OF CONTRACT
**(Against the Embassy Facilities)**

6.     As to the allegations contained in Paragraph 54 of the Plaintiff's Complaint, Defendant incorporates all answers and responses to Paragraphs 1 – 53 as if rewritten herein at length.

7.     The allegations contained in Paragraphs 55 – 61 are not directed at this answering Defendant. As a matter of form, the allegations contained in these Paragraphs are denied for want of knowledge.

### COUNT TWO – UNJUST ENRICHMENT
**(Against Embassy)**

8.     As to the allegations contained in Paragraph 62 of the Plaintiff's Complaint, Defendant incorporates all answers and responses to Paragraphs 1 – 61 as if rewritten herein at length.

9.     The allegations contained in Paragraphs 63 – 72 are not directed at this answering Defendant. As a matter of form, the allegations contained in these Paragraphs are denied for want of knowledge.

## COUNT THREE – QUANTUM MERUIT
### (Against Embassy)

10.     As to the allegations contained in Paragraph 73 of the Plaintiff's Complaint, Defendant incorporates all answers and responses to Paragraphs 1 – 72 as if rewritten herein at length.

11.     The allegations contained in Paragraphs 74 – 83 are not directed at this answering Defendant. As a matter of form, the allegations contained in these Paragraphs are denied for want of knowledge.

12.     Any allegation not specifically admitted herein is denied.

13.     Defendant denies that Plaintiff is entitled to damages.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     To the extent the evidence shows, venue is improper as to one or more of Plaintiff's claims.

3.     To the extent the evidence shows, Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrines of waiver, estoppel, and/or laches.

4.     To the extent the evidence shows, Plaintiff's claims are barred by insufficiency of process and/or insufficiency of service of process.

3

5.      To the extent the evidence shows, this court lacks personal and/or subject matter jurisdiction over one or more of Plaintiff's claims.

6.      Plaintiff has failed to plead the essential elements of one or more of its claims, entitling Defendant to judgment as a matter of law.

7.      There was no meeting of the minds between Plaintiff and Defendant sufficient to create a valid and enforceable contract.

8.      Plaintiff did not perform any services for Defendant.

9.      The injuries and damages alleged in Plaintiff's Complaint, if any, were caused in whole or in part by the primary, active, superseding, intervening, negligent and/or intentional acts of persons or entities other than Defendant and for which Defendant has no liability or responsibility and which were the proximate cause and/or a substantial factor in causing said injuries and damages, if any.

10.     The conduct of Defendant was not the proximate cause or a substantial factor in causing any injuries or damage, if any, alleged by Plaintiff.

11.     Defendant pleads any and all affirmative defenses as if set forth at length herein, including, but not limited to, accord and satisfaction, assumption of the risk, duress, estoppel, failure of consideration, fraud, illegality, laches, unclean hands, payment, release, res judicata, statute of frauds, waiver, and statute of limitations.

12.     Defendant affirmatively pleads all other defenses and affirmative defenses available to it under the common law, and the civil rules and statutes of these United States. Defendant reserves the right to file further pleadings or motions and to assert other defenses in this action as proof develops, including, but not limited to, motions to dismiss, for judgment on the

4

pleadings, or for summary judgment, and for cross-claims, counterclaims, and/or third-party claims.

13.     Defendant reserves the right to add additional affirmative defenses as discovery proceeds.

14.     Defendant intends to rely upon all available affirmative defenses legally available to it at the time of trial.

WHEREFORE, having fully answered, Defendant, WP Operating, LLC, requests judgment in its favor, and against Plaintiff, and that this Court award damages as it deems just and equitable, including, without limitation, costs and attorneys' fees.

Respectfully submitted,

*/s/ G. Brenda Coey*
G. Brenda Coey, Esq. (0075879)
THE COEY LAW FIRM, LLC
5344 Limerick Avenue, N.W.
N. Canton, Ohio 44720
Telephone:  (330) 327-7349
Fax: (216) 282-0729
Email:  brenda@coeylaw.com

*Attorney for Defendant,*
*WP Operating, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer on Behalf of WP Operating, LLC was served upon all parties of record via the Court's docketing system on this 15th day of October, 2024.

*/s/ G. Brenda Coey*
G. Brenda Coey, Esq. (0075879)